UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO GREGORY BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:23-cv-00189 (UNA) |
| v. | ) |
| | ) |
| U.S. ARMY 1ST INFORMATION OPERATIONS COMMAND, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to meet the minimal pleading requirements of Federal Rule 8(a), and in part, for lack of standing, *see* Fed. R. Civ. P. 12(h)(3).

Here, plaintiff, who resides in Alexandria, Virginia, sues "the US Army 1st Information Operations Command"—which plaintiff refers to more colloquially as the "1st IO CMD"—the Defense Counterintelligence and Security Agency, the US Army Counterintelligence Command, and the Federal Bureau of Investigation. The complaint is not titled for this court, *see* Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(g), and is difficult to follow. As far as it can be understood, plaintiff alleges that, starting in July 2020, he was employed as a contractor with the 1st IO CMD, and from that time to date, defendants have worked together to surveil him and others with "cyber electromagnetic devices and techniques," causing "physical reactions and responses." Despite having filed a civil case, plaintiff relies on predominantly criminal statutes, demanding unspecified monetary damages and injunctive relief.

First, criminal statutes generally do not create a private right of action and, therefore, cannot be relied on by a civil plaintiff to state a claim for relief. *See Rockefeller v. U.S. Court of Appeals for the Tenth Circuit*, 248 F. Supp. 2d 17, 20 (D.D.C. 2003) (collecting cases); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted).

Indeed, the authority relied upon by plaintiff, 18 U.S.C. §§ 241–242 and 34 U.S.C. § 12601, are criminal statutes that do not provide a private right of action, and although § 12601 contains a civil component, it provides authority singularly to the Attorney General, *id.* at 12601(b); *see Crosby v. Catret*, 308 Fed. Appx. 453, 453 (D.C. Cir. 2009) (per curiam) (no private right of action under 18 U.S.C §§ 241 and 242); *Johnson v. D.C. Crim. Just. Act*, 305 Fed. Appx. 662, 662 (D.C. Cir. 2008) (per curiam) (same); *Chaney v. Races and Aces*, 590 Fed. Appx. 327, 330 (5th Cir. 2014) (per curiam) (finding that §§ 241 and 242 fail to provide a private right of action and that 34 U.S.C. § 12601, formerly codified at 42 U.S.C. § 14141, may only be brought by the Attorney General on behalf of the United States) (citations omitted); *Tucker v. Elk City Pol. Dep't*, No. 22-6023, 2022 WL 2165508, at *1 (10th Cir. June 16, 2022) (same) (quoting *Tucker v. U.S. Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) (also same)); *Medina v. City of Wellington*, 432 Fed. Appx. 796, 798 (10th Cir. 2011) (same); *Harris v. United States*, 686 Fed. Appx. 895, 899 (Fed. Cir. 2017) (per curiam) (same); *Steinhardt v. Bernardsville Pol. Dep't*, No. 20-2825, 2021 WL 3929321, at *2 n.2 (3rd Cir. Sept. 2, 2021) (per curiam) (holding that neither § 241 nor § 12601 provide private rights of action); *Dantzler v. Dep't of Just.*, 20-cv-01505, 2021 WL 2809125, at *7 n.9 (D.D.C. July 6, 2021) (no private right of action under § 12601, formerly codified at 42 U.S.C. § 14141); *Doe v. Lucero*, No. 10–1008, 2010 WL 2484518, at *1 (D.D.C.

June 15, 2010) (same). Even if plaintiff was afforded a cause of action, it is unclear how, if at all, 34 U.S.C. § 12601 can plausibly apply to plaintiff's claims, as that statute governs the deprivation of juvenile rights.

Second, *pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's allegations that defendants have used weapons to harm him fall into this category. As presented, neither the court nor defendants can reasonably be expected to identify plaintiff's intended claims.

Finally, to whatever extent plaintiff attempts to bring this matter on behalf of "others," he has no standing to do so, because a *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003),

*aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Consequently, the complaint, ECF No. 1, is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: February 10, 2023

/s/
RUDOLPH CONTRERAS
United States District Judge